**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MALIK W. AHMAD, BAR NO. 10305.

No. 65649

**FILED**

NOV 26 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### *ORDER APPROVING PUBLIC REPRIMAND*

This is an automatic de novo review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline, arising from attorney Malik Ahmad's handling of three clients' residential loan modification applications during the nationwide real estate and financial crises in 2009 through 2012. The panel found that Ahmad violated RPC 1.5 (fees) with respect to each of the three clients. In addition, the panel found that Ahmad violated RPC 1.15 (safekeeping property) in one instance of bouncing a check from his trust account. Based on these violations, the panel recommended that Ahmad be issued a public reprimand and pay the costs of the disciplinary proceedings.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 855 (1992). The automatic review of a panel decision recommending public discipline is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing

14-38968

evidence. SCR 105(2)(e); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper sanction, this court considers four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (citing American Bar Association Standards for Imposing Lawyer Sanctions 3.0, *Compendium of Professional Responsibility Rules and Standards*, 344 (1999)).

Having reviewed the parties' briefs and the record on appeal, we conclude that clear and convincing evidence supports the panel's findings as to the rule violations committed by Ahmad. We also conclude, based on the evidence presented, that the panel's recommended punishment is appropriate. Accordingly, we direct the disciplinary panel to issue the public reprimand that is attached as Exhibit A to its Findings of Fact, Conclusions of Law, and Recommendation. Additionally, Ahmad shall pay the costs of the disciplinary proceeding. *See* SCR 120.

It is so ORDERED,

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Malik W. Ahmad
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A